IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALYSHAH IMMIGRATION
AGENCY, INC., et al.,

   Plaintiffs,

    v.                         CIVIL ACTION FILE
                                    NO. 1:04-CV-1017-TWT

STATE BAR OF GEORGIA,

   Defendant.

ORDER

This is a pro se action challenging the constitutionality of actions taken by the State Bar of Georgia to prevent the Plaintiffs from engaging in the unauthorized practice of law. It is before the Court on the Defendant's Motion to Dismiss [Doc. 13]. For the reasons set forth below, the Defendant's Motion is GRANTED.

I. BACKGROUND

Plaintiff Alyshah Immigration Agency, Inc. ("Alyshah Immigration") is a Georgia for-profit organization that allegedly helps clients prepare forms related to immigration to and employment within the United States. Plaintiff Mahmood I. Alyshah is the president of Alyshah Immigration. Alyshah is not a member of the State

Bar of Georgia, and he is neither licensed nor qualified for license to practice law in the state of Georgia.

On July 17, 2002, the State Bar of Georgia filed a complaint for injunctive relief against Alyshah Immigration in the Superior Court of DeKalb County. State Bar of Georgia v. Alyshah Immigration Agency, Inc., No. 02-CV-7660 (Sup. Ct. DeKalb County 2002). The complaint alleged that Alyshah Immigration had placed advertisements in local Atlanta magazines stating that it practiced immigration law. It also alleged that Mahmood Alyshah misled an INS officer into thinking that Alyshah was a lawyer. The State Bar of Georgia sought to enjoin Alyshah Immigration and its president from engaging in the unauthorized practice of law in Georgia. The parties agreed to resolve the matter pursuant to a consent order. The consent order, signed by each party's counsel and by the Superior Court judge, stated: "IT IS HEREBY ORDERED, ADJUDGED & DECREED that Alyshah Immigration Agency, Inc., and its officers, directors, employees and agents be permanently forbidden, restrained and enjoined from engaging in the practice of law within the State of Georgia." (Consent Order of October 30, 2002, State Bar of Georgia v. Alyshah Immigration Agency, Inc., No. 02-CV-7660 (Sup. Ct. DeKalb County 2002)).

On April 14, 2004, the Plaintiffs filed this Complaint pro se, asserting three sets of claims: (1) constitutional challenges to the Superior Court consent order; (2) claims

for slander and abusive litigation; and (3) violations of O.C.G.A. § 2-10-107 which authorizes agricultural producers to form market cooperatives. The State Bar of Georgia moves to dismiss all claims against it.

## II.  DISCUSSION

### A.  Constitutional Claims

Plaintiff Alyshah contends that the terms of the DeKalb County Consent Order violate his constitutional rights. Specifically, the Plaintiff argues that the First and Ninth Amendments to the United States Constitution afford him the right to practice law and that the Consent Order infringes on this constitutional right. Both the Rooker-Feldman doctrine and *res judicata* bar this Court from entertaining the merits of the Plaintiff's absurd argument.

#### 1.  Rooker-Feldman Doctrine

Pursuant to the Rooker-Feldman doctrine, a federal district court lacks subject matter jurisdiction to review, reverse, or invalidate a final decision of a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The doctrine bars jurisdiction where four criteria are met:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity

>to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003) (citations omitted).  Although the complaint in state court was filed against Alyshah Immigration, the individual plaintiff verified the answer, acted as the corporate representative, and was specifically subject to the resultant Consent Order.  This order enjoining the Plaintiffs from engaging in the practice of law is the conclusive judgment entered by the state court.  The Plaintiffs had, but did not utilize, ample opportunity to raise constitutional claims in the state court proceedings.  The first three requirements of the Amos test are clearly met.

In order for the Rooker-Feldman doctrine to bar jurisdiction, the Plaintiffs' claims must effectively request a review of the state court order.  A district court reviews a state court order when the federal claims are "inextricably intertwined" with the state court's decision.  Feldman, 460 U.S. at 483; Amos, 347 F.3d at 1265 n.11.  A claim in district court is "inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).  The DeKalb County Consent Order bars the Plaintiffs from engaging

in the unauthorized practice of law. The Plaintiffs' constitutional claims cannot succeed without this Court concluding that the state court incorrectly permitted the Consent Order to infringe the Plaintiffs' constitutional rights. Hearing the Plaintiffs' constitutional claims is tantamount to reviewing the merits of the Consent Order. As the Plaintiffs' constitutional claims satisfy the four elements of the test for applying the Rooker-Feldman doctrine, this Court cannot properly assert subject matter jurisdiction over the Plaintiffs' federal claims.

        2.     Res Judicata

The Defendant also asserts that the Plaintiffs' claims are barred by *res judicata*, as they were properly the subject of the state court Consent Order. A claim is barred by *res judicata* if: (1) there is a final decision on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with the parties, are identical in both suits; and (4) the same cause of action is involved in both cases. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003). Ordinarily, where, as here, these conditions are met, *res judicata* bars all claims in the prior complaint and all claims arising from the same "nucleus of operative fact." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1239 (11th Cir. 1999). But if the prior decision is a consent order between the parties, the scope of the *res judicata* bar narrows. Where parties consent to a dismissal based on a settlement agreement or

consent order, the agreement should be "interpreted according to its express terms, rather than according to the traditional principles of *res judicata*." Norfolk Southern Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1291 (11th Cir. 2004) (citing United States v. Armour & Co., 402 U.S. 673, 682 (1971)).  Thus, *res judicata* only bars claims which may properly be encompassed by the language of the consent order. Id.  In this case, however, the Plaintiffs' constitutional claims fall well within the scope of the terms of the parties' Consent Order.  The Consent Order expressly prohibits the Plaintiffs from engaging in the practice of law.  Implicit in this order is an understanding that the practice of law is a privilege which may be restricted and not a constitutional right.  Any constitutional question about the terms of the Consent Order should have been raised by the Plaintiffs in the DeKalb County action.[1]  The Plaintiffs' federal claims are, thus, barred by *res judicata* and are properly dismissed.

---

[1] The Plaintiffs contend that the Consent Order is invalid for two reasons.  First, they contend that they are not bound by the attorney's signature.  This legal assertion flies in the face of Georgia statutory law.  See O.C.G.A. § 15-19-5 ("Attorneys have authority to bind their clients in any action or proceeding by any agreement in relation to the cause, made in writing, and by signing judgments, entering appeals, and entering such matters, when permissible, on the dockets of the court.").  Second, they contend that the presiding judge and the attorney faced damaging conflicts of interest based on their shared status as members of the State Bar of Georgia.  This ludicrous assertion, if acknowledged as valid, would effectively bar the State Bar of Georgia from access to the Georgia courts, severely impeding its ability to aid in the regulation of the practice of law in Georgia.  Needless to say, neither of the Plaintiffs' concerns serves to invalidate its Consent Order in the state court.

B.   State Law Claims

The Plaintiffs' remaining claims of slander, abusive litigation, and violations of O.C.G.A. § 2-10-107 ostensibly arise under state law. The Court has no independent subject matter jurisdiction over these claims, and pursuant to 28 U.S.C. § 1367©)(3), may decline to exercise supplemental jurisdiction over the state law claims. In exercising its discretion, the Court shall consider "concerns of comity, judicial economy, convenience, fairness, and the like." Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999) (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996)).

This is not a case that was removed from state court. Considerations of judicial economy suggest that it should be resolved without further waste of judicial resources, whether in state or federal court. The Plaintiffs' libel and slander claims and abusive litigation claims are barred by the one year statute of limitations of O.C.G.A. § 9-3-33. The Defendant is not a producer of agricultural products and, therefore, O.C.G.A. § 2-10-107 has no application to this case.

Finally, the named Plaintiffs in this action are Alyshah Immigration Agency, Inc. and Mahmood I. Alyshah, who proceeds individually and as president of Alyshah Immigration. Neither Plaintiff is represented by an attorney licensed to practice law in the state of Georgia. Mahmood Alyshah, an individual, is within his rights to proceed

pro se. Alyshah Immigration is a corporation and thus may not proceed pro se. "[A] corporation is not a 'person' for the purpose of exercising a constitutional right to legal self-representation, since it cannot represent itself and can only be represented by its agents." Eckles d/b/a Atlanta Technology Group, Inc. v. Atlanta Technology Group, Inc., 267 Ga. 801, 803 (1997). The Supreme Court of Georgia has expressly barred such pro se representation of corporations. Id. at 803-05. The Plaintiffs' pleadings have all been signed by Mahmood Alyshah on behalf of Alyshah Immigration. Alyshah's attempt to legally represent Alyshah Immigration is both clearly impermissible by law and expressly barred by the parties' Consent Order. As Alyshah Immigration is not properly before this Court, claims filed by this organization or on its behalf are dismissed.

### III.  CONCLUSION

The Defendant's Motion to Amend Answer [Doc. 12] is GRANTED. For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 13] is GRANTED. The Clerk is directed to terminate all submissions and close this file.

SO ORDERED, this 11 day of March, 2005.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge